UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAYMOND JENNINGS,

      Plaintiff,                                     Case No. 12-12227
                                                    Honorable Thomas L. Ludington

v.

DOW CORNING CORPORATION,

      Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO STRIKE**

On May 21, 2012, Plaintiff Raymond Jennings filed suit against Defendant Dow Corning Corporation alleging violations of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–12213. Specifically, Plaintiff asserts that Defendant rescinded an offer of employment because of a perceived disability; a disability that Plaintiff believes would not restrict him from performing the essential functions of the job.

To support his claims, Plaintiff disclosed an expert witness who will be called to testify on his behalf. However, six weeks after Plaintiff's expert disclosures were due, and only two weeks before the close of discovery, Plaintiff issued a supplement to his expert disclosures which listed six additional treating physicians. On January 31, 2013, Defendant filed a motion to strike Plaintiff's supplement to his expert disclosures, noting that it is untimely and does not comport with Federal Rule of Civil Procedure 26(a)(2). To date, Plaintiff has not responded to Defendant's motion.[1]

Defendant is correct — Plaintiff's supplement to his expert disclosures is both untimely and insufficient. Defendant's motion to strike will be granted.

---

[1] As established by Local Rule 7.1, a response to a nondispositive motion "must be filed within 14 days after service of the motion." E.D. Mich. LR 7.1(e)(2)(B).

**I**

A case management and scheduling order was issued on July 25, 2012 to govern this ongoing litigation. That order established, in relevant part, that Plaintiff's expert disclosures were due on November 30, 2012 and that the close of discovery was February 1, 2013. Case Mgmt. Sched. Order 1, ECF No. 9. Pursuant to that order, on November 30, 2012, Plaintiff issued his Rule 26 expert disclosures, which provided as follows:

> Craig D. Peppler, D.O., Spine, Sports & Occupational Medicine, P.C., 15636 Southfield Road, Allen Park, MI 48101, 313-928-0700. Additionally, Fed. R. Civ[.] P. 26(B) report attached.

Def.'s Mot. Ex. A, at 1. Plaintiff's expert disclosures provided nothing else aside from, as promised, Dr. Peppler's report and his curriculum vitae.

Despite the dates set out by the case management and scheduling order, on January 16, 2013 Plaintiff issued a supplement to his initial Rule 26 expert disclosures. Plaintiff asserted that "[t]he following individuals were included on the initial disclosures. They are all treaters of the Plaintiff. It is assumed that they will testify to the treatment of the Plaintiff." Def.'s Mot. Ex. B, at 1. Plaintiff's supplement then lists six additional individuals he plans to call "to rebut allegations made by the Defendant as they relate to the Plaintiff's injuries, disabilities, or perceived disabilities." *Id*. at 1–2. Plaintiff provided nothing more aside from the individuals' names, addresses, and phone numbers.

**II**

Rule 26 requires expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Rule 26(a)(2)(B) governs witnesses who must provide a written report, while Rule26(a)(2)(C) governs witnesses who do not provide a written report.

Because Plaintiff did not provide any written materials along with his supplemental disclosures, it can be safely assumed he intended the disclosures under Rule 26(a)(2)(C).

But that provision establishes that such a disclosure must state: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

While Plaintiff's supplemental expert disclosures could be stretched to satisfy the Rule's requirement to disclose the subject matter the witnesses will testify about, there is nothing to construe as "a summary of the facts and opinions to which the witness is expected to testify." Therefore, Plaintiff's supplemental expert disclosures do not comply with Rule 26(a)(2)(C), and could be stricken on that ground alone. *See* Fed. R. Civ. P. 37 (c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.")

There is another reason to exclude Plaintiff's supplemental expert witnesses — the untimeliness of the disclosure. "District courts have broad discretion to exclude untimely disclosed expert-witness testimony." *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000); *see also Dunn ex rel. Albery v. State Farm Mu. Auto. Ins. Co.*, 264 F.R.D. 266, 280 (E.D. Mich. 2009) (excluding the defendant's expert "as a sanction for untimely disclosure under Fed. R. Civ. P. 37."). Although Plaintiff indicates the individuals were included with the initial disclosures, only a cursory review of his original expert disclosures dispels this claim. There was no indication Plaintiff would call all of his treating physicians; only Dr. Peppler.

As noted by Rule 37, the failure to comply with Rule 26(a) can be overlooked if that failure is substantially justified or harmless. That is not the case here. As indicated by Plaintiff in his supplemental disclosures, each individual was one of Plaintiff's treaters, and no justification has been offered for why they could not be discovered and disclosed before January 2013. Additionally, allowing the experts would be far from harmless. As Defendant aptly points out, it would be forced to conduct discovery on six individuals, only two weeks prior to the discovery cutoff, with "no information about their potential testimony from which to evaluate whether and how to conduct that discovery." Def.'s Mot. 4. Therefore, Defendant's motion to strike Plaintiff's supplement to his Rule 26 expert witness disclosures will be granted.

### III

Accordingly, it is **ORDERED** that Defendant's motion to strike, ECF No. 12, is **GRANTED**.

It is further **ORDERED** that Plaintiff is **FORECLOSED** from eliciting evidence from any of the six individuals which he untimely disclosed in a manner that did not comply with Rule 26(a)(2)(C).

Dated: February 20, 2013                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 20, 2013.
                    s/Tracy A. Jacobs
                    TRACY A. JACOBS